**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**MICHAEL S. CLEMMONS,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-4946-TKW-ZCB**

**OFFICER MOTLEY, et al.**

**Defendants.**
______________________________/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 6) and Plaintiff's objections (Doc. 7). Upon de novo review of the issues raised in the objections, the Court agrees with the magistrate judge's determination that this case should be dismissed because Plaintiff failed to fully and accurately disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that he did disclose the case that the magistrate judge identified as having not been listed, but the case he points to in support of that argument is a Middle District of Florida case, not the subsequent Eleventh Circuit appeal arising from that case. The Eleventh Circuit appeal is the case that Plaintiff omitted, not the Middle District case, and the complaint form required the Eleventh Circuit case to be listed because the form required disclosure

of "any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement" (all emphasis except underlining in original).

The Court also did not overlook Plaintiff's argument that his legal documents were lost or destroyed by state prison officials. But even if that is true, it does not excuse Plaintiff's failure to fully disclose his litigation history because he could have—and should have—requested a list of his prior cases from the clerks of the courts in which the cases were filed before filing the complaint in this case. *See Runge v. DeSantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023) (rejecting prisoner's argument that his failure to disclose prior case should be excused because his prison officials lost or destroyed his legal materials and explaining that "if for whatever reason Plaintiff no longer has a list of his prior cases, 'he can (and should) request [that information] from the appropriate clerks' offices before filing a new case.'" (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)) (alteration in original)). Plaintiff was clearly aware that he could do that because he states in his objection that he received a copy of the docket for his Middle District case after he filed the complaint in this case.

Finally, the Court did not overlook Plaintiff's argument that he "should be given time to correct any errors the court finds to be needing correction." However, that argument is not persuasive because "allowing Plaintiff to amend his complaint

at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, it is ORDERED that:

1. The Report and Recommendation is adopted and incorporated by reference into this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to fully and accurately disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 18th day of September, 2026.

T. Kent Wetherell

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**